IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CIVIL ACTION |
| | : | |
| | : | (Bankruptcy No. 01-35194) |
| FRANCES SCARBOROUGH | : | |
| | : | NO. 08-cv-04873-JF |

MEMORANDUM AND ORDER

Fullam, Sr. J.                                                     January 22, 2009

The lengthy history of this bankruptcy proceeding is, at least in part, attributable to the fact that (1) until recently, the bankrupt has been proceeding *pro se*; and (2) the creditor immediately involved in this litigation, Chase Home Finance, LLC (holder of a mortgage on the bankrupt's residence), is represented by different counsel in state-court foreclosure proceedings than in the present case.

Frances Scarborough filed a Chapter 13 petition on October 31, 2001. In subsequent attempts to propose a feasible plan, an important issue was whether or not the $90,000 claim asserted by Chase Home Finance, LLC could be bifurcated into a secured claim of $13,000, and an unsecured claim for the balance. It was and is Ms. Scarborough's contention that the mortgage is only actually secured to the extent of $13,000.

At an earlier stage of the proceeding, a bankruptcy judge in this District determined that the claim of Chase Home Finance, LLC could not be so-bifurcated, in view of the anti-modification protection afforded the creditor by 11 U.S.C.

§ 1322(b)(2). The District Court (James McGirr Kelly, J.) upheld the Bankruptcy Court order, but the Third Circuit Court of Appeals reversed, in a decision rendered August 28, 2006. In re Scarborough, 461 F.3d 406 (3d Cir. 2006). The debtor attempted to propose a feasible plan without bifurcating the mortgagee's claim, but the Bankruptcy Court found that her alternative plan could not be confirmed and, on July 21, 2005, dismissed the bankruptcy proceeding.

Thereafter, while the appeal from the bifurcation issue remained pending, Chase Home Finance, LLC proceeded to foreclose the mortgage. It was, and continues to be, Chase's position that, since no automatic stay was in effect after the bankruptcy proceeding was dismissed, its foreclosure action was entirely proper.

After the Court of Appeals rendered its decision, the bankruptcy case was reopened. The debtor sought to have the foreclosure judgment vacated, but was unsuccessful in the state court. The property was sold at sheriff's sale. The successful bidder was Chase, which now owns the property. No further action has been taken to evict the debtor.

In the course of these proceedings, the debtor filed an adversary proceeding seeking to prevent the foreclosure from continuing, on the theory that the reopening of the bankruptcy case rendered previous actions in the state courts null and void,

because it violated the automatic bankruptcy stay. The bankruptcy judge rejected that argument and dismissed the adversary proceeding.

Now before this Court are appeals by the bankrupt from the dismissal of the adversary proceeding, and from the ultimate dismissal of the bankruptcy itself.

My conclusions may be summarized as follows: (1) on the present state of the record, there is a valid pending Chapter 13 proceeding, and the automatic bankruptcy stay is in effect; (2) the debtor is entitled to a hearing to determine how much of Chase's claims should be regarded as secured, and how much should be treated as unsecured; (3) it is unnecessary to reach a firm conclusion as to whether reinstatement of the bankruptcy proceeding rendered void any actions taken by the creditor to enforce its claim; the bankruptcy stay is now in effect, and precludes any further action to enforce the creditor's claim, unless approved in this proceeding.

The case will therefore be remanded to the Bankruptcy Court for the purpose of (1) holding a hearing to establish the secured amount of Chase's claim; (2) enabling the debtor to propose a feasible plan, if possible; and (3) establishing a reasonable time-frame for the further conduct and ultimate resolution of this bankruptcy proceeding.

An Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: : CIVIL ACTION
:
: (Bankruptcy No. 01-35194)
FRANCES SCARBOROUGH :
: NO. 08-cv-04873-JF

ORDER

AND NOW, this 22nd day of January 2009, IT IS ORDERED:

That this case is REMANDED to the Bankruptcy Court for further proceedings in conformity with the views expressed in the accompanying Memorandum.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.